IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                          ORDER

    v.                          02-CR-054-S-01

JAMES EARL PIERSOL, III,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of James Earl Piersol, III's supervised release was held on February 24, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Daniel J. Graber.  Defendant was present in person and by counsel, Kelly A. Welsh.  Also present was Senior United States Probation Officer Kelley M. Gustaveson.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on July 24, 2002, following his conviction for bank fraud in violation of 18 U.S.C. § 1344.  This offense is a

Class B felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 71 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release on November 27, 2006.  On February 23, October 15, and November 7, 2008, defendant violated Standard Condition No. 1, which prohibited him from leaving the judicial district without the permission of the court or probation officer.  On February 23, 2008, he traveled to Mt. Prospect, Illinois; on October 15, 2008, he traveled to the Philippines; and on November 7, 2008, he traveled to Ewing, New Jersey.

Between August 2007 and January 2009, defendant violated the statutory condition prohibited him from committing another federal crime, as well as Special Condition No. 4, which prohibits him from obtaining any personal or commercial loans without permission of the supervising probation officer.  During that time period, defendant fraudulently opened 17 lines of credit accounts or banking accounts, or both, utilizing his father's social security number and credit information.

Defendant's conduct falls into the category of a Grade A violation.  Section 7B1.3(a)(1) of the advisory guidelines directs the court to revoke supervised release upon a finding of a Grade A violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 60-month term of supervised release imposed on defendant on July 24, 2002, will be revoked.

Defendant's criminal history category is IV. With a Grade A violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 24 to 30 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 36 months.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines and taking into consideration defendant's repeated acts of financial fraud, his unwillingness to follow supervised release conditions and his general dishonesty, I have selected a sentence above the guideline range. The intent of this sentence is to protect the community from defendant's criminal conduct for the maximum time allowable under the statute.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 24, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 36 months to be served consecutively to any new federal or state sentence that may result from his new criminal conduct. No supervised release term is to follow. Defendant is to be registered with local law enforcement agencies and the state

3

attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration. The defendant is still required to pay any remaining restitution balance while incarcerated and after his release. Execution of this sentence will begin immediately.

Entered this 24th day of February, 2009.

                BY THE COURT:
                /s/
                Barbara B. Crabb
                U.S. District Judge